## KAUFMAN v. STATE.

(Court of Criminal Appeals of Texas. Jan. 14, 1914. Rehearing Denied Feb. 11, 1914.)

CRIMINAL LAW (§§ 1092, 1099*) — APPEAL — BILL OF EXCEPTIONS—SIGNING.

The judge who actually tried the case is the judge who must sign the statement of facts and bills of exception as required by Rev. Civ. St. 1911, art. 2076; a bystander's bill being necessary if the bill of exceptions cannot be signed and approved by the judge who tried the case.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2829, 2834–2861, 2866–2880, 2919; Dec. Dig. §§ 1092, 1099.*]

Appeal from Criminal District Court, Dallas County; Barry Miller and W. L. Crawford, Jr., Judges.

Charley Kaufman was convicted of swindling, and appeals. Affirmed.

M. T. Lively, of Dallas, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was tried and convicted of swindling, and his punishment assessed at three years' confinement in the penitentiary.

The case was tried and appellant convicted on the 20th day of January, 1913. His application for a new trial was overruled on February 1st. The record discloses that Hon. Barry Miller was the judge before whom appellant was tried; that subsequent to this trial and overruling of the motion for a new trial Judge Miller, on February 28th, resigned, and Judge W. L. Crawford was appointed judge of the criminal district court No. 2 of Dallas county. Judge Crawford qualified on March 1st, or just one month after appellant's motion for a new trial had been overruled. The statement of facts and bills of exception were presented to and approved by Judge Crawford. They were not presented to nor approved by Judge Miller, who tried the case. The Assistant Attorney General moves to strike out the statement of facts and bills of exception. The following affidavit of Judge Miller accompanies the record: "That my name is Barry Miller. I was judge of criminal district court No. 2, Dallas county, Texas, from the day of its creation up to and inclusive of February 28, 1913. That on February 28, 1913, I having theretofore tendered my resignation to the Governor of Texas, effective on that date, and he having accepted same, I finished my term of office on that day. I was in the city of Dallas, Dallas county, Texas, practically all the time from that day until the present time. That I did not sign the statement of facts nor bills of exception in the above

styled and numbered cause. That neither the bills of exception or statement of facts were ever presented to me to be signed in this case. I was the judge of criminal district court No. 2 of Dallas county, Texas, at the time this case was tried and the defendant, Charley Kaufman, was convicted. That I was the judge who overruled his motion for a new trial."

We had this question before us in the case of Richardson v. State, 158 S. W. 517, and there held that the statement of facts and bills of exception must be signed and approved by the judge who tried the case; that this was statutory in this state. Article 2076, Rev. Stats. 1911. For a full discussion of this question, see that case. Not only is this the rule under the statute in this state, but this seems to be the prevailing rule even in the absence of statutory provisions. In Thompson on Trials, § 214, it is held that the judge who presided at the trial must sign and approve the bills of exception, and no other judge is authorized to do so; that, if the approval of the judge who tried the case for any reason cannot be obtained, then they must be proven up by bystanders, citing a number of cases.

There is no question in the motion for a new trial we can review in the absence of a statement of facts and bills of exception, and the judgment is therefore affirmed.

---

## KAUFMAN v. STATE.

(Court of Criminal Appeals of Texas. Jan. 14, 1914. Rehearing Denied Feb. 11, 1914.)

Appeal from Criminal District Court, Dallas County; Barry Miller and W. L. Crawford, Jr., Judges.

Charley Kaufman was convicted of an offense, and appeals. Affirmed.

M. T. Lively, of Dallas, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, J. The questions in this case are the same as those in the case of Kaufman v. State (No. 2784) supra, this day decided. The bills of exception and statement of facts are in the same condition. On the authority of that case this judgment is affirmed.